UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| TRAVIS TURNER, III, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:02-cv-581 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| BRIAN P. LENNON, et al., | ) |
| | ) **MEMORANDUM OPINION** |
| Defendants. | ) |
| | ) |

By opinion and judgment entered November 1, 2002, this court dismissed as frivolous thirteen purported civil rights actions brought by plaintiff *in forma pauperis* and entered an order prohibiting plaintiff from proceeding *in forma pauperis* in any future litigation in this court unless his complaint is accompanied by an attorney's signed certification that the complaint states a claim upon which relief can be granted. *See Turner v. Lennon*, case no. 1:02-cv-581 (W.D. Nov. 1, 2002). This court's final judgment was based upon a detailed analysis of each of plaintiff's thirteen complaints by the magistrate judge, who allowed plaintiff an opportunity to appear in court and to explain the basis for each claim. After plaintiff filed objections, this court conducted a *de novo* review of the report and recommendation, finding that plaintiff's allegations that a "pressure group" made up of over 300 people, including his family and his relatives, is engaged in a broad conspiracy to defame him were "fantastic and obviously delusional." The court further found that the legal theories supporting plaintiff's claims against 250 named defendants were frivolous. Accordingly, the court determined that dismissal of plaintiff's actions was justified and that an injunction

prohibiting him from proceeding *in forma pauperis*, except on certain conditions, was more than supported by the facts and the law. Plaintiff did not appeal.

Plaintiff has now submitted to the court a letter asking the court to lift its injunction, so that plaintiff can again bring actions *in forma pauperis*. (docket # 20). As the time for direct review of the court's injunction is long past, the court will consider plaintiff's request as arising under Fed. R. Civ. P. 60(b), which empowers the court to grant relief from judgment in certain specific circumstances. Plaintiff essentially argues that the court's injunction is depriving him of his constitutional right of access to the courts and that plaintiff can now be trusted to file lawsuits responsibly. This court accepts neither argument. The ability to proceed *in forma pauperis*, without the prepayment of statutory fees, is a privilege and not a right. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Plaintiff's institution of thirteen frivolous lawsuits, naming over 250 defendants, is certainly ample evidence of an abuse of the privilege of proceeding *in forma pauperis*. The report and recommendation of the magistrate judge cites numerous Supreme Court and Sixth Circuit authorities upholding this court's discretion to prevent abuse of the judicial system when a litigant has acted in bad faith, vexatiously, or for oppressive reasons. Furthermore, this court's order does not deprive plaintiff of access to the courts in the event that he has a meritorious claim. Plaintiff has the option of paying the filing fee or of seeking the certification of an attorney that his complaint is in compliance with the Rules of Civil Procedure. The Sixth Circuit has affirmed an identical order in similar circumstances. *See In re Guess*, No. 95-3334, 1995 WL 613771 (6th Cir. Oct. 18, 1995); *see also United States v. 900 Monroe*, Nos. 03-1889, 03-2312, 2004 WL 1987136 (6th Cir. Sept. 3, 2004).

Equally unpersuasive is plaintiff's allegation of a change in circumstances, arising from his new understanding of the law and sense of self-restraint. The court has examined plaintiff's recent submission in *Turner v. City of Grand Rapids*, file no. 1:05-mc-47, which he submitted to the court in violation of the court's injunction. The allegations in plaintiff's complaint are as fantastic and delusional as those contained in his pleadings three years ago. Furthermore, plaintiff continues to display complete lack of understanding of federal law, as he attempts to sue friends, family members, and neighbors who could not possibly be acting under color of state law sufficient to support a cause of action under 42 U.S.C. § 1983.

In summary, plaintiff has not established grounds for relief from this court's previous judgment under Fed. R. Civ. P. 60(b), nor has he demonstrated the existence of changed circumstances, such that the court's previous injunction is no longer equitable. The court determines that its previous injunction continues to be necessary in order to protect innocent defendants and the court system from plaintiff's abusive litigation practices. An order will therefore be entered denying plaintiff's request for relief.


Date:     July 11, 2005                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE